# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ELLIOTT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-1257-STE |
| NANCY BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits and supplemental security income under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

## I.    PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 9-21). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Mr. Elliot appealed, the Western District of

Oklahoma reversed the ALJ's decision, and the Appeals Council remanded the case for further administrative proceedings. (TR. 434-444, 447). Following the remand, Plaintiff filed subsequent applications for supplemental security income and disability insurance benefits. (TR. 315). Following a second administrative hearing, a second ALJ consolidated the remanded applications with the new applications and issued a second unfavorable decision. (TR. 315-334). The Appeals Council denied Plaintiff's request for review, making the second decision the final decision of the Commissioner. (TR. 308-310).

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 14, 2009, his alleged onset date. (TR. 318). At step two, the ALJ determined Mr. Elliot had the following severe impairments: degenerative disc disease, lumbar spine; lumbar disc syndrome; obesity; depressive disorder; and anxiety disorder. (TR. 318). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 325).

At step four, the ALJ concluded that Mr. Elliot could not perform his past relevant work. (TR. 332). Even so, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except with nonexertional limitations. The claimant can: lift/carry 10 pounds occasionally and less than 10 pounds frequently; walk/stand up to 2 of 8 hours with normal breaks; and sit for up to 6 of 8 hours. The claimant can:

occasionally push/pull including the operation of hand and foot controls; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolding. He can frequently balance and occasionally stoop, kneel, crouch, and never crawl. He must have the option to occasionally sit and stand at the work station without a loss of productivity. There are no manipulative, visual or communicative impairments. The claimant must not work at unprotected heights, around dangerous moving equipment or machinery, nor on uneven or unstable working surfaces. He can understand, remember, comprehend and carry out simple work related instructions and tasks; he can work with supervisors and co-workers on a superficial working basis. He cannot work with the general public. He can adapt to routine changes in the working environment.

(TR. 327-328). At the hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 360-361). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 361). The ALJ adopted the testimony of the VE and concluded at step five that Mr. Elliot was not disabled based on his ability to perform the identified jobs. (TR. 333-334).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges: (1) a lack of specificity concerning the frequency allocated for the RFC's "sit-stand" option; (2) error failing to comply with the federal court's instructions on remand; and (3) error in the evaluation of opinion evidence from a consultative examiner and physical therapist.

## V. THE SIT-STAND OPTION

At the hearing, Mr. Elliot testified that sitting "too long" caused him muscle spasms in his back and the longest he could sit at one-time was approximately one hour. (TR. 350-352). Mr. Elliot also testified that he uses a cane to stand and walk "85 percent of the time." (TR. 352). Without the cane, Plaintiff stated he could stand for approximately 10-15 minutes and with the cane, he could stand for approximately one hour. (TR. 353). In the RFC, the ALJ: (1) made no provision for Plaintiff's use of a cane and (2) found that Mr. Elliot was limited to performing sedentary work with an added restriction of needing to "occasionally sit and stand at the work station without a loss of productivity." (TR. 327). With the sit-stand limitation, the VE identified three jobs that Plaintiff could perform, and the ALJ relied on the jobs at step five. (TR. 333-334, 360-361).

Although the RFC allowed for a sit-stand option, Plaintiff argues that the ALJ failed to identify, with specificity, the frequency with which Plaintiff would need to change positions from sitting to standing in order to not lose productivity on the job. As a result, Mr. Elliot contends that the hypothetical questions to the VE were defective and could not provide a basis for the step five findings. Mr. Elliot is correct.

In asserting this position, Plaintiff relies on SSR 96-9p, which provides:

> An individual may need to alternate the required sitting of sedentary work by standing (and, possibly, walking) periodically. Where this need cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded. The extent of the erosion will depend on the facts in the case record, such as the frequency of the need to alternate sitting and standing and the length of time needed to stand. The RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. It may be especially useful in these situations to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work.

SSR 96-9p, 1996 WL 374185, at *7. Additionally, the SSA has defined an individual's need to alternate sitting and standing as a "Special Situation" and devoted an entire section to the issue in an SSR evaluating exertional limitations within a range of work. *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). There, the SSA stated:

> In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing. The individual may be able to sit for a time, but must then get up and stand or walk for awhile before returning to sitting. Such an individual is not functionally capable of doing either the prolonged sitting contemplated in the definition of sedentary work (and for the relatively few light jobs which are performed primarily in a seated position) or the prolonged standing or walking contemplated for most light work.
>
> ...
>
> Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

SSR 83-12, 1983 WL 31253, at *4.

Here, the ALJ recognized Mr. Elliot's need to alternate sitting and standing, as evidenced by the RFC which stated that Plaintiff "must have the option to occasionally sit

5

and stand at the work station without a loss of productivity." (TR. 327). But as noted by Mr. Elliot, the RFC is silent regarding the frequency with which he would need to alternate positions. The omission is critical because with the restriction, the VE stated that Plaintiff could perform only *unskilled* work, which the SSA has specifically stated is "particularly structured so that a person cannot ordinarily sit or stand at will." SSR 83-12, 1983 WL 31253, at *4.

Ms. Berryhill attempts to salvage the RFC by: (1) pointing to the ALJ's use of the term "occasionally" which the SSA has defined as "up to one third of the day" and (2) relying on testimony from the VE who stated that Mr. Elliot could perform the identified jobs with the specific limitation of needing to "occasionally sit and stand at the workstation without a loss of productivity." (ECF No. 21:11; TR. 362). These arguments are not convincing. The Court agrees that the use of the word "occasionally" in the context of the RFC would translate to a finding that Plaintiff needed to alternate positions for up to one-third of the workday. *See Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (U.S. Dept. of Labor 1993) at C–3 (stating that "occasionally" involves an activity existing up to 1/3 of the time). What is still unknown, however, is *how often* Mr. Elliot would need to alternate positions within the "one-third of the workday" period.

Under such circumstances, both the decision and hypothetical question lack key facts and the VE's testimony cannot provide substantial evidence to support the ALJ's decision. *Vail v. Barnhart*, 84 F. App'x 1, 5 (10th Cir. 2003) (reversing the ALJ's decision that the claimant could perform less than the full range of light work "with brief changes

6

of position" because the opinion "did not properly define how often [the claimant] would need to change positions" and the hypothetical question lacked the same detail); *see also Maynard v. Astrue,* 276 F. App'x 726, 731 (10th Cir. 2007) (reversing because the ALJ's hypothetical question "provided no specifics to the VE concerning the frequency of any need [the claimant] may have to alternate sitting and standing" and was "therefore flawed as it pertains to a sit-stand option" and holding that in such circumstances, the VE's testimony "is not . . . reliable").

## VI. THE FEDERAL COURT REMAND/EVALUATION OF OPINION EVIDENCE

Plaintiff alleges that the ALJ erred in failing to comply with remand instructions from this Court regarding consideration of opinions from: (1) consultative physician Dr. Haisam Al-Khouri and (2) physical therapist Tiffany Murray. (ECF No. 17:5-8). In related points of error, Plaintiff also argues that the ALJ erred in his consideration of the opinions from Dr. Al-Khouri and Ms. Murray independent from the duty owed pursuant to the remand instructions. (ECF No. 17:7-8). The Court: (1) agrees that the ALJ failed to follow the remand instructions and independently erred in evaluating Dr. Al-Khouri's opinion, (2) disagrees that the ALJ failed to follow the remand instructions with respect to findings from Ms. Murray, and (3) agrees that the ALJ failed to conduct a proper analysis of Ms. Murray's opinion independent of a duty owed in connection with particular remand instructions.

### A. The Relevant Evidence

On November 25, 2009, consultative physician Dr. Haisam Al-Khouri examined Plaintiff and found that he "was unable to follow a simple three-step command." (TR.

7

199). On March 3, 2010, physical therapist Tiffany Murray performed a series of tests on Mr. Elliot to determine his functional abilities. (TR. 294-297). Due to pain in Plaintiff's left leg and knee, he was unable to perform the "crouching" test. (TR. 296). Due to pain in Plaintiff's low back and knees, he was unable to complete the "kneeling" and "stooping" tests and Ms. Murray concluded that Plaintiff ranked "below competitive" in his abilities in these areas. (TR. 295, 296). The evidence from Ms. Murray was part of Exhibit 13F- which primarily consisted of records from Plaintiff's treating physician, Dr. Emory Reynolds. (TR. 286-297). State Agency physician, Dr. Mary Lanette Rees, opined that Plaintiff was capable of performing sedentary work, but could only "occasionally:" (1) climb ladders, ropes, and/or scaffolds; (2) stoop; and (3) crawl. (TR. 237).

B. **The First Administrative Decision**

In the first administrative decision, the ALJ concluded that Plaintiff could perform sedentary work, as that term is defined in the SSA regulations, without any additional limitations. (TR. 18). The ALJ recited Dr. Al-Khouri's opinion in its entirety, but did not include any mental limitations in the RFC or explain whether he had credited or discredited the opinion. (TR. 9-21). Additionally, the ALJ did not reference Ms. Murray's findings,[1] but gave great weight to Dr. Reynolds' opinion that Plaintiff could perform sedentary work, which the ALJ stated was also supported by Dr. Rees' opinion. (TR. 18, 19). The ALJ did not, however, reference Dr. Rees' specific opinions regarding Mr. Elliot's ability to climb ladders, ropes, and/or scaffolds; stoop; and crawl. (TR. 9-21).

---

[1] *See* TR. 9-21.

## C. The Magistrate Judge's Report and Recommendation

In the Report and Recommendation recommending reversal and remand, the magistrate judge made the following relevant findings:

- "Dr. Al-Khouri found on mental status examination that Plaintiff 'was unable to follow a simple three-step command.' . . . The ALJ duly reproduced [this] finding in his hearing decision but made no reference to [it] in assessing Plaintiff's functional restrictions and the severity of his diagnosed mental impairment[;]"

- "The ALJ did not include any postural limitations in his RFC assessment despite the referenced findings by the physical therapist and the opinion of the State agency consultant—on whose opinion the ALJ specifically relied— that Plaintiff was limited to only occasional crawling, stooping, and climbing of ladders, ropes and scaffolds[;]"

- "Plaintiff's difficulties in following a simple three-step instruction and in crawling, stooping, and climbing ladders, ropes, and scaffolds *are* limitations that two physicians noted in connections with Plaintiff's medically determinable depressive disorder and degenerative disc disease. The ALJ did not account for these limitations, and remand is required."

(TR. 439, 440) (internal citation omitted) (emphasis in original).

Mr. Elliot argues that the remand had ordered re-evaluation of opinions from Dr. Al-Khouri and Ms. Murray, but in reality, the magistrate judge only found error in failing to account for: (1) the opinion from Dr. Al-Khouri regarding Plaintiff's inability to follow a three-step instruction and (2) the opinion from Dr. Rees regarding Plaintiff's ability to only "occasionally:" (1) climb ladders, ropes, and/or scaffolds; (2) stoop; and (3) crawl. (TR. 440). Based on the error in failing to account for those limitations, the magistrate judge remanded the case. (TR. 440). Although the magistrate judge did not explicitly instruct the ALJ on remand to consider and account for these opinions, the obvious import

9

of the remand is that a second administrative law judge was required to do so. The recommendation was adopted in full, judgment was entered accordingly, and the Appeals Council remanded the case for further administrative proceedings. (TR. 442-444, 447).

### D. Dr. Al-Khouri's Opinion

Mr. Elliot argues that the ALJ erred in considering Dr. Al-Khouri's opinion—both pursuant to SSA guidelines and the federal court remand order. (ECF No. 17:5-7, 8-10). The Court agrees.

As stated, the magistrate judge had remanded the case, in part, based on the first ALJ's failure to discuss Dr. Al-Khouri's opinion that Plaintiff could not follow a simple three-step command. *See supra*. On remand, the ALJ had a duty to evaluate Dr. Al-Khouri's opinion, considering:

(1) the length of the treatment relationship and the frequency of examination;

(2) the nature and extent of the treatment relationship,

(3) the degree to which the physician's opinion is supported by relevant evidence;

(4) the consistency between the opinion and the record as a whole;

(5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and

(6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Hamlin v. Barnhart*, 365 F.3d 1208, 1215, 1217, n.7 (10th Cir. 2004); 20 C.F.R. §§ 404.1527(e)(2)(iii) & 416.927(e)(2)(iii).

Additionally, the ALJ was not permitted to selectively review Dr. Al-Khouri's opinion and was required to provide a proper explanation to support his findings. *See Chapo v.*

10

*Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) ("We have repeatedly held that [a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability."); *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects."); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting that the ALJ's reasons stated in evaluating medical opinions must allow for meaningful appellate review).

On remand, the ALJ thrice cited Dr. Al-Khouri's opinion, noting that: (1) Plaintiff presented "appropriately groomed and dressed" for the appointment; (2) Dr. Al-Khouri had stated that Mr. Elliot was "pleasant, cooperative, with good hygiene and grooming, and good eye contact;" and (3) Dr. Al-Khouri has assessed Plaintiff with:

- A Global Assessment of Functioning Score of 40;
- A euthymic mood, goal directed speech, no hallucinations and no evidence of depersonalization;
- Being oriented and having concrete thinking; and
- Being capable of managing his own finances.

(TR. 326, 330). The ALJ then spent a great deal of the opinion explaining the standard for evaluating a GAF score, ultimately affording that portion of Dr. Al-Khouri's opinion "minimal weight." (TR. 330-331).

As stated, the magistrate judge who recommended remand of the first administrative decision: (1) explicitly referred to Dr. Al-Khouri's opinion that Plaintiff was unable to follow a simple three-step command and (2) noted that portion of the opinion

as a limitation that the ALJ had failed to account for. *See supra*. The obvious import of the remand was for a second ALJ to discuss and weigh this portion of Dr. Al-Khouri's opinion. And under SSA guidelines, the ALJ was required to consider and explain the entirety of Dr. Al-Khouri's opinion, not just the GAF opinion. But the ALJ failed to so, which constituted reversible error.

Ms. Berryhill discounts Plaintiff's argument, contending that Dr. Al-Khouri's comment about Mr. Elliot's inability to perform a three-step command is not a "medical opinion" which the ALJ was required to weigh. (ECF No. 21:6). For two reasons, the Court disagrees. First, as stated, the magistrate judge in the prior proceedings obviously believed that the limitation constituted a "medical opinion" which the ALJ erred in failing to consider. *See* TR. 440 ("Plaintiff's difficulties in following a simple three-step instruction [*is*] [a] limitation[] that . . .[t]he ALJ did not account for [ ], and remand is required.") (emphasis in original). Second, a "medical opinion" includes "judgments about the nature and severity of [the claimant's] impairment(s), including . . . symptoms [and] . . . what [the claimant] can still do despite the impairment(s)." 20 C.F.R. §§ 404.1527(a)(1); 416.927(a)(1). Accordingly, the ALJ was required to consider Dr. Al-Khouri's opinion regarding Plaintiff's inability to follow a three-step command, and the failure to do so is error.

**E.    Ms. Murray's Opinion**

Plaintiff also argues: (1) that the ALJ had erred in failing to follow the remand instructions with respect to the opinion from Ms. Murray and (2) the ALJ independently

erred in failing to properly consider that opinion. (ECF No. 17:7-8). The Court disagrees with Plaintiff's first argument, but agrees with the second.

Although the magistrate judge in the first appeal acknowledged Ms. Murray's opinion regarding Mr. Elliot's inability to kneel, crouch, and stoop, the judge actually found error in failing to consider the opinion of *Dr. Rees* regarding Plaintiff's difficulties in climbing, stooping, and crawling, not the evidence from Ms. Murray. *See supra*. Even so, as argued by Mr. Elliot, the ALJ had an independent duty to discuss and explain the evidence from Ms. Murray. He failed to do so and remand is warranted.

Tenth Circuit law and Social Security Ruling 06-3p state that the ALJ must consider evidence from "other sources," who do not qualify as "acceptable medical sources." *Blea v. Barnhart*, 466 F.3d 903, 914-15 (10th Cir. 2006); Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *4, *6 (SSR 06-3p). "Medical sources who are 'not acceptable medical sources,' [include] . . . therapists[.]" SSR 06-03-p, at *2.

Opinions from these "non-medical sources" who have seen the claimant in an official capacity should be evaluated using the following factors: (1) the length and frequency of the treatment, (2) consistency of the opinion with other evidence, (3) the degree to which the source presents relevant evidence in support, (4) how well the source explains the opinion, (5) the level of the source's expertise, and (6) any other relevant factors. *Id.* at *5.

In evaluating "other source" evidence, not every factor will apply in every case. *Id*. However, the ALJ should explain the weight given to the "other source," ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. *Id*. at *5-6.

Ms. Murray's opinion regarding Plaintiff's inability to kneel, crouch, or stoop is considered "other source" opinion evidence which the ALJ had a duty to consider. Despite this duty, however, the ALJ made no reference to Ms. Murray's opinion in the second administrative decision. (TR. 315-334). Instead, the RFC states that Plaintiff can "occasionally" kneel, stoop, and crouch, findings which clearly conflict with Ms. Murray's opinion that Plaintiff is unable to engage in these activities. (TR. 327). But the ALJ neither acknowledges Ms. Murray's opinion nor explains why he had apparently discounted it. The ALJ gives "substantial weight" to Dr. Rees' opinions regarding Plaintiff's ability to climb, stoop, and crawl. (TR. 329). Although Dr. Rees and Ms. Murray share an opinion that Plaintiff can "occasionally" stoop, the ALJ's reliance on Dr. Rees' opinion does not excuse the duty to discuss and weigh the opinion from Ms. Murray. Accordingly, remand is warranted. *See* SSR 06-3p, at *3, *5 (stating "Opinions from ["other sources"], who are not technically deemed "acceptable medical sources". . . , are important and should be evaluated on key issues such as impairment severity and functional effects," . . . "including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions.")

## VI. SUMMARY

In sum, the Court concludes that the sit-stand limitation in the RFC was not sufficiently specific as to frequency, which directly impacted Plaintiff's ability to perform

14

sedentary, unskilled work. Because the RFC was faulty, the resulting hypothetical to the VE was also deficient and the findings at step five lack substantial evidence. The Court also finds that the ALJ erred in his consideration of opinion evidence: (1) from Dr. Al-Khouri regarding Plaintiff's inability to follow a three-step command and (2) from Ms. Murray regarding Plaintiff's inability to kneel, crouch, or stoop. As a result, reversal is warranted.

**VII.   PLAINTIFF'S REQUEST FOR REMAND WITH AN IMMEDIATE AWARD OF BENEFITS**

Plaintiff has requested a remand for an award of immediate benefits. (ECF No. 17:10-11). The Court declines Plaintiff's request.

District courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). In making this decision, courts should consider both "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve [any] useful purpose but would merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation and citation omitted) (remanding for an immediate award of benefits where, *inter alia*, the application had been pending for more than five years). When the Commissioner has failed to satisfy her burden of proof at step five, and when there has been a long delay as a result of her erroneous disposition of the proceedings, remand for an immediate award of benefits may be appropriate. *Ragland*, 992 F.2d at 1060 (remanding for an immediate award of benefits "[i]n light of the Secretary's patent failure to satisfy the burden of proof at step five[ ] and the long delay [of at least four years]

that has already occurred as a result of the Secretary's erroneous disposition of the proceedings[.]"). The Commissioner "is not entitled to adjudicate a case *ad infinitum* until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion." *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993).

Here, Mr. Elliot filed his original applications for benefits approximately 9 years ago. The case has been remanded once and Plaintiff has been subject to two prior administrative hearings. Indisputably, these factors weigh in favor of remanding for an award of benefits rather than further administrative proceedings. On the other hand, the Court cannot definitively say that additional fact-finding would serve no useful purpose. Thus, the Court denies Plaintiff's request for remand with an award of immediate payment of benefits.

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** for further administrative findings.

On remand, in addition to evaluation of the evidence under proper legal standards, the administrative law judge is specifically ordered to:

- reconsider the opinion evidence from Dr. Al-Khouri regarding the limitation involving Mr. Elliot's inability to follow a simple three-step command;

- reconsider the evidence from Ms. Murray regarding Plaintiff's inability to kneel, stoop, and crouch;

- explain the treatment of the opinion evidence, including whether the evidence would affect the RFC; and

- specify the precise frequency with which Mr. Elliot would need to alternate positions from sitting to standing throughout the workday, if the ALJ deems a "sit-stand" option appropriate.

The ALJ shall explain his/her treatment of all of the evidence in the record and ensure that the findings are supported by substantial evidence.

ENTERED on August 31, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE