# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN ELLIOTT, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. CIV-17-1257-STE |
| NANCY BERRYHILL,<br>Commissioner of the Social Security<br>Administration, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) and brief in support. (ECF Nos. 24 & 25). Defendant objects to the amount of fee requested, arguing that it is unreasonable. (ECF No. 26). The Court **GRANTS** Plaintiff's Motion for fees in the amount of **$6,957.50.**

### I.   ATTORNEY FEES AUTHORIZED UNDER EAJA—ENTITLEMENT AND REASONABLENESS

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)).[1] When evaluating a claim for attorney fees under EAJA, the court must first determine the

---

[1] Previously, the undersigned ordered: (1) reversal of the Commissioner's decision denying Plaintiff's applications for disability insurance benefits and supplemental security income and (2) a remand for further administrative proceedings. (ECF Nos. 22 & 23). With the reversal and remand, Mr. Elliott is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993).

number of hours reasonably spent by counsel for the prevailing party. *Malloy v. Monahan,* 73 F.3d 1012, 1017 (10th Cir. 1996). Factors considered in a reasonableness determination include: (1) the hours that would be properly billed to one's client in accordance with good "billing judgment," (2) time spent on specific tasks, and (3) duplication of efforts. *Malloy,* 73 F.3d at 1017–18. In exercising good billing judgment, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). The district court is obligated to exclude "hours not 'reasonably expended' from the calculation." *Malloy,* 73 F.3d at 1018. "The party seeking the award has the burden of persuading the court that the hours expended and the rate sought are both reasonable." *Id.*

## II. PLAINTIFF'S EXPENDITURE OF TIME AND COMMISSIONER'S OBJECTION REGARDING REASONABLENESS OF REQUESTED FEE

In litigating the appeal, Plaintiff requests fees for attorney work at the hourly rates of $197.00 for the year 2017 and $201.00 for the year 2018. (ECF Nos. 24; 24-1; 25). Plaintiff also requests fees for paralegal work at the hourly rate of $110.00. (ECF No. 24-1). An attorney award under EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A). Mr. Elliott has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated August 16, 2018, from the Office of the General Counsel of the Social Security Administration. (ECF No. 25-1). This letter shows that for 2017 and 2018, the authorized maximum hourly rates for attorney work in Oklahoma were $197.00 and

$201.00, respectively. (ECF No. 25-1). Thus, Mr. Elliott is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided.

Defendant has not objected to the hourly rates for both attorney and paralegal work. *See* ECF No. 26. Therefore, based on the evidence provided and the lack of objection from Ms. Berryhill, the Court concludes that the hourly rates Plaintiff requests are reasonable. Thus, the only remaining issue is the amount of fee to be awarded.

In his initial Motion for Attorney's Fees, Mr. Elliott's attorney sought recovery for 34 hours of attorney work and 4.25 hours of paralegal work. *See* ECF Nos. 24 & 25. Defendant responded, objecting to the total fee amount and requesting that "the Court award Plaintiff no more than $4,500.00 in attorney fees." (ECF No. 26:1). In support, Defendant argues:

- Plaintiff's attorney copied and pasted language from other cases he had previously filed in this court;

- Plaintiff's attorney utilized decades-old law in his Opening Brief, without explanation or analysis; and

- 1.2 hours billed for paralegal time to confirm grammar and citations should be disallowed because several mistakes existed in Plaintiff's case citations.

(ECF No. 26:3-5).

Regarding the first two arguments, Defendant points to four other cases Mr. Mitzner filed in this court, stating that he copied and pasted language from these cases to use in Mr. Elliott's Opening Brief and that other portions of Mr. Elliott's brief were comprised of "an extended block quote" and argument without legal support. (ECF No. 26:4-5). Accordingly, Defendant states that she objects to: (1) "paying over $200" for what Defendant deems each "original paragraph" in Mr. Elliott's brief and (2) "paying

over $600" for Mr. Mitzer's use of old case law and the allegedly copied and pasted portion of Plaintiff's Opening Brief. (ECF No. 26:4-5). An independent review of the cases filed in this Court and cited by Defendant does reflect some duplication of efforts as outlined by Ms. Berryhill. However, the Court does not adjudicate the amount of EAJA fee by "the paragraph" as Defendant argues; and "outdated" case law, so long as legally relevant and valid was appropriate for Plaintiff to utilize. In any event, Plaintiff has agreed to deduct one hour from his attorney fee billing request in partial concession to Defendant's response. Regarding Plaintiff's third argument, Mr. Mitzner has agreed to deduct the 1.2 hours of paralegal work from his original billing request. *See* ECF No. 27:3.

## III. TOTAL AMOUNT OF RECOVERABLE FEE

With the deductions, Plaintiff has requested a total fee award in the amount of $6,957.50,[2] for 2.75 hours of attorney work performed in 2017 at the hourly rate of $197.00 and 30.25 hours of attorney work performed in 2018 at the hourly rate of $201.00 and 3.25 hours of paralegal work performed in 2017 and 2018 at the hourly rate of $110.00. (ECF Nos. 24 & 27). The Court finds that the hourly rate requested is reasonable, and no other deductions are appropriate. Accordingly, the Court concludes that Plaintiff is entitled to a total award of attorney fees under the EAJA in the amount of **$6,957.50.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

---

[2] The actual total is $6,979.50 rather than $6,957.50, but the fee award will be limited to the amount requested by Plaintiff of $6,957.50.

**ORDER**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Attorney's Fees under the Equal Access to Justice Act in the amount of **$6,957.50.**

ENTERED on November 30, 2018.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE